Brian J. Lawler SBN 221488
**PILOT LAW, P.C.**
4632 Mt. Gaywas Drive
San Diego, California 92117
Telephone: (619) 255-2398
*blawler@pilotlawcorp.com*

*Attorney for Brandon Howard*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

BRANDON HOWARD, an individual,

        Plaintiff,

 v.

Chipotle Mexican Grill, Inc., a foreign corporation,

        Defendant.

Case No.:

**COMPLAINT FOR DAMAGES**

**VIOLATIONS OF 38 U.S.C. §4301 *ET SEQ*;**

**FILING FEE WAIVED PER 38 U.S.C. § 4323(h)**

DEMAND FOR JURY TRIAL

  Plaintiff BRANDON HOWARD ("Plaintiff") hereby complains against Defendant CHIPOTLE MEXICAN GRILL, INC., ("Chipotle") as follows:

## NATURE OF ACTION

  1. This is a civil action brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 *et. seq.* ("USERRA"). It is brought by Plaintiff against Defendant Chipotle.

## PARTIES

  2. Plaintiff, Brandon Howard ("Plaintiff"), is a citizen of the United States and a resident of Las Vegas, Nevada. Plaintiff was employed by Chipotle at 361 Forest

- 1 -

Rd Ste B, Sedona, Arizona, 86336, as a Service Manager. Plaintiff is also a specialist (E-4) in the U.S. Army Reserve ("USAR").

3.     At all relevant times, Plaintiff was a qualified employee and member of the uniformed services for purposes of 38 U.S.C. §4303(3), (9), and (16).

4.     Plaintiff is informed, believes and alleges based on that information and belief, that Defendant Chipotle is a corporation, incorporated under the laws of the State of Delaware, with its principal place of business at 610 Newport Center Drive, Suite 1100, Newport Beach, California, 92660. At all times relevant, Chipotle was and is an employer for purposes of 38 U.S.C. § 4303 (4)(A) and § 4323(i).

5.     Whenever and wherever reference is made to individuals who are not named as defendants in this action, but were employees/agents of defendants, or any of them herein, such individuals at all times acted on behalf of defendants named in this action within the scope of their respective employments and agencies.

6.     Whenever and wherever reference is made in this Complaint to any conduct of defendants, or any of them, such allegations or references shall also be deemed to mean the conduct of each defendant, acting individually, jointly and severally.

7.     Plaintiff is informed and believes, and on the basis of that information and belief alleges, that at all times mentioned in this complaint, defendants were the agents and employees of their codefendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## JURISDICTION AND VENUE

8.     This complaint arises under USERRA. The jurisdiction of this court is founded on federal question jurisdiction, 28 U.S.C. §1331, as conferred by 38 U.S.C. §4323(b)(3). Venue is proper because Chipotle maintains a place of business in and is headquartered in this district, as provided in 38 U.S.C. §4323(c)(2), 28 U.S.C. §1391(b).

9.     Pursuant to 38 U.S.C. § 4323(h), "No fees or court costs may be charged or taxed against any person claiming rights under [USERRA]."

## GENERAL FACTUAL ALLEGATIONS

10.     Plaintiff re-alleges and incorporates herein by reference each and every allegation contained within paragraphs 1 through 9, inclusive, as though set forth at length herein and made a part hereof.

11.     Plaintiff began working for Defendant in October 2020 as a Service Manager.

12.     Defendant knew Plaintiff was in the USAR when it hired Plaintiff. Plaintiff joined the USAR in February 2018 and was at all times herein performing various periods of military service during his employment with Defendant. Plaintiff provided Defendant with a regular drill schedule and a commander's employer letter when performing his monthly service obligation.

13.     On or around September 2021, Plaintiff gave Defendant, through both his General Manager and Field Leader, 30 days' notice of an upcoming military deployment, scheduled for October 2021.

14.     Plaintiff offered to submit additional documentation to either manager to which they both declined; however, Plaintiff did give a copy of his deployment orders to his General Manager, Mr. Gregorio Victor Rillera.

15.     On or around October 15, 2021, was Plaintiff's last day of work. This was also when Plaintiff submitted a leave of absence form with Defendant's human resource ("HR") department via email. Plaintiff's leave of absence request form noted his absence was due to an upcoming military deployment. Plaintiff did not receive a call or follow up from HR after submitting his leave of absence request.

16.     On or around November 28, 2021, Plaintiff received an email from Defendant confirming his "resignation." Plaintiff immediately contacted Mr. Rillera to correct this mistake. Plaintiff's phone calls where ignored.

17.     On or around November 30, 2021, Plaintiff contacted Ms. April Islas, Defendant's Field Director, about the error. Ms. Islas told Plaintiff that his managers both told her he resigned. Plaintiff informed Ms. Islas about his leave of absence due to military service obligations.

18.     On or around December 2, 2021, Ms. Islas told Plaintiff she had reached out to Defendant's compliance department and confirmed his leave of absence submission. Ms. Islas told Plaintiff he could expect to be contacted by HR to complete the leave process.

19.     HR never contacted Plaintiff and he no longer had access to "Workday," Defendant's employee HR portal.

20.     On or around December 9, 2021, Plaintiff contacted Ms. Islas again to inform her he no longer had access to "Workday," to which she replied there was nothing more she could do and encouraged Plaintiff to "reapply" when he returned from deployment.

21.     On or around August 25, 2022, just before returning from deployment, Plaintiff contacted Ms. Islas about reemployment. Ms. Islas informed Plaintiff he was not entitled to reemployment as a service manager. Ms. Islas encouraged Plaintiff to reapply as a crewmember because there were no service manager positions available.

22.     Plaintiff did not apply for reemployment at the lesser paying, demoted position.

## **Violations of 38 U.S.C. §4301 *et seq.***

23.     Plaintiff hereby alleges and incorporates all paragraphs 1-22 above by reference herein.

24.     USERRA prohibits "discrimination against persons because of their service in the uniformed services." 38 U.S.C. §4301(a)(3).

25.     Section 4311 of USERRA provides, in relevant part, that a person "who is a member of…performs, has performed…or has an obligation to perform service in

a uniformed service shall not be denied... any benefit of employment by an employer on the basis of that membership...performance of service, or obligation."

26.     Section 4313(a)(1)(A) and (B) of USERRA further provides, specific to the benefit of reemployment, "...a person is entitled to reemployment...[and] shall be promptly reemployed in a position of employment in which the person would have been employed if the continuous employment of such a person with the employer had not been interrupted by such service...[including] status and pay..." or "in the position of employment in which the person was employed on the date of the commencement of the service in uniformed services..."

27.     Section 4311 (c) provides in relevant part, that "[a]n employer shall be considered to have engaged in actions prohibited... if the person's membership... or obligation for service in the uniformed services is a motivating factor in the employer's action."

28.     Defendants, and each of them, knowingly and willfully violated USERRA by, among other ways, discriminating against Plaintiff, and by denying him benefits of employment, including but not limited to, the commissions he should have earned from clients he procured for Defendant, and for wrongfully terminating him, all "on the basis of" his "obligation to perform service in a uniformed service."

29.     As a direct and proximate result of the conduct of Defendant as set forth in this count, Plaintiff has suffered injuries and damages including but not limited to, loss of past earnings and benefits, and loss of future earnings and benefits, all to his damage in an amount to be proven at trial.

30.     Plaintiff alleges such violations of USERRA were willful and requests liquidated damages in an amount equal to the amount of his lost wages and other benefits pursuant to 38 U.S.C. §4323(d)(1)(C).

31.     Pursuant to 38 U.S.C. §4323(h), Plaintiff further requests an award of reasonable attorney's fees, expert witness fees, and other litigation expenses.

**PRAYER FOR RELIEF**

**WHEREFORE**, based on the foregoing, Plaintiff prays for relief against Defendant as follows:

1.      Declare that the acts and practices complained of herein are unlawful and are in violation of USERRA, 38 U.S.C. § 4301, *et seq*.;

2.      Require that Defendants fully comply with the provisions of USERRA by providing Plaintiff all employment benefits denied to him as a result of the unlawful acts and practices under USERRA described herein;

3.      Fees and expenses, including attorneys' fees and costs pursuant to 38 U.S.C. §4323(h);

4.      Award Plaintiff prejudgment interest on the amount of lost wages or employment benefits found due;

5.      Order that Defendants pay liquidated damages in an amount equal to the amount of lost compensation and other benefits suffered by reason of Defendants' willful violations of USERRA;

6.      Grant an award for costs of suit incurred; and,

7.      Grant such other and further relief as may be just, and proper and which Plaintiff may be entitled to under all applicable laws.


                                        Respectfully Submitted,

Dated:  January 11, 2023                 PILOT LAW, P.C.


                                        By:  /s/ *Brian J. Lawler*
                                        BRIAN J. LAWLER
                                        Attorney for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues triable as of right by a jury in the above action.

Respectfully Submitted,

Dated:  January 11, 2023          PILOT LAW, P.C.

By: _/s/ Brian J. Lawler_____
BRIAN J. LAWLER
Attorney for Plaintiff